IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-1010-F |
| v. | ) | |
| | ) | |
| JOSEPH SCIBANA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he is entitled to habeas relief with respect to his conviction for Engaging in a Continuing Criminal Enterprise entered in the United States District Court for the District of Nebraska. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the matter is before the undersigned for screening. 28 U.S.C. § 2243. For the following reasons, it is recommended that the Petition be dismissed without prejudice for lack of jurisdiction.

As a result of an extensive investigation of a crack distribution ring in Omaha, Nebraska, Petitioner was convicted of conspiring to distribute, or to possess with the intent to distribute, either cocaine or crack cocaine, engaging in a continuing criminal enterprise

("CCE"), and money laundering, and his convictions were affirmed on direct appeal by the United States Court of Appeals for the Eighth Circuit. United States v. Johnson, 28 F.3d 1487 (8th Cir. 1994), cert. denied, 513 U.S. 1195 (1995).  Petitioner subsequently sought relief from his CCE conviction pursuant to 28 U.S.C. § 2255 in the district court in which he was sentenced.  The § 2255 motion was denied, and the denial was affirmed by the Eighth Circuit Court of Appeals.  United States v. Scott, 218 F.3d 835 (8th Cir.), cert. denied, 531 U.S. 1000 (2000).  According to Petitioner, Petitioner's request for leave to file a successive § 2255 motion was denied by the Eighth Circuit Court of Appeals.

In the instant § 2241 Petition, Petitioner asserts that he is "actually innocent" of the CCE conviction because "he was never found guilty of the predicate acts beyond a reasonable doubt...." and the evidence is not sufficient to support the conviction.  Petition, at 1-2.  Petitioner relies on the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999), which was issued approximately six years after Petitioner's CCE conviction was affirmed on appeal.  While Petitioner admits that his challenge to the validity of his CCE conviction would normally fall within the ambit of a 28 U.S.C. § 2255 motion to vacate a conviction, Petitioner contends that a § 2255 motion is not an adequate remedy because (1) his "actual innocence" creates an exception allowing this Court to review the merits of his claim and (2) he has not previously had the opportunity to raise the substantive claim he asserts herein.

In Richardson, supra, the Supreme Court determined that in order to convict a defendant of a CCE violation "a jury has to agree unanimously about which specific

violations make up the 'continuing series of violations.'" Richardson, 526 U.S. at 815.  In order words, under Richardson "a jury in a federal criminal case brought under [21 U.S.C.] § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" Id.

Although Petitioner contends he has never had the opportunity to raise his claim of Richardson error before now, the Eighth Circuit Court of Appeals addressed the Richardson decision in Petitioner's § 2255 appeal.  In the Eighth Circuit's decision in Petitioner's and his co-defendant's appeal from the denial of their § 2255 motion to vacate, the court found that "[a]t the time of trial (1992), and the defendants' direct appeal (1994), .... neither the Supreme Court nor our circuit had decided whether a jury in a CCE prosecution had to be instructed that the jurors must agree unanimously on which specific drug violations were the necessary predicates." Scott, 218 F.3d at 837.  Petitioner and his co-defendant asserted in their § 2255 motion that they had received ineffective assistance of counsel based on their defense counsels' failure to request jury instructions consistent with Richardson.  The district court denied their § 2255 motion, and on appeal the Eighth Circuit reviewed the evidence and instructions presented at Petitioner's and his co-defendant's trial and concluded there was "no reasonable probability that the jurors would have decided differently if they had been instructed that they must unanimously find three specific felony drug violations committed by the defendants." Id. at 838.  Based on this finding, the court rejected Petitioner's and his co-defendant's claim of ineffective assistance of counsel. Id. at 838.

The court also addressed the claim asserted by Petitioner and his co-defendant that the trial court deprived them of their sixth amendment right to a jury trial by failing to give an instruction, consistent with <u>Richardson</u>, requiring the jury to find unanimously each predicate drug violation used to support the CCE conviction. The court found that Petitioner and his co-defendant had not raised this claim during trial or on direct appeal and that their procedural default barred § 2255 review of the claim unless they established cause and prejudice or actual innocence. <u>Id.</u> The court noted that the "defendants do not claim actual innocence but appear to contend that the novelty of the unanimity argument constitutes cause for failing to raise it." <u>Id.</u> at 838-839. The court found that at the time of their trial, "other circuit courts facing the question of whether to require juror unanimity on the predicate drug violations had reached differing conclusions" and the Eighth "[C]ircuit had adopted the general rule that a specific unanimity instruction should be given if a genuine risk of juror confusion existed." <u>Id.</u> at 839. Because "the law at the time of the defendants' trial (and direct appeal) offered a reasonable basis upon which to request a unanimity instruction as to the predicate drug offenses," the court concluded Petitioner and his co-defendant had not shown cause for their procedural default and declined to review the merits of their claim. <u>Id.</u> at 839. The court affirmed the denial of the 28 U.S.C. § 2255 motion. <u>Id.</u> at 840.

The habeas corpus remedy under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The § 2241 petition does not, however, normally encompass claims of unlawful detention based on the conviction or sentence of a federal prisoner. For collateral

attacks on the validity of a federal judgment of conviction or sentence, Congress enacted the 28 U.S.C. § 2255 motion to vacate, which must be brought in the court in which the conviction and sentence were entered. United States v. Hayman, 342 U.S. 205, 216 (1952); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.")(citations omitted). By contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity .... It is not an additional, alternative, or supplemental remedy" to a 28 U.S.C. § 2255 motion. Bradshaw, 86 F.3d at 166.

The § 2255 motion is the sole remedy for challenging the validity of a federal criminal judgment and sentence unless the § 2255 motion is "inadequate or ineffective to test the legality of [the federal inmate's] detention." 28 U.S.C. § 2255. See Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

Petitioner is obviously challenging the validity of his CCE conviction and sentence. Although he has previously sought and been denied relief with respect to this conviction in a § 2255 proceeding, and his request to file a successive § 2255 motion has been denied, the denial of his previous § 2255 motion and the restrictions on filing successive § 2255 motions

do not render the § 2255 remedy inadequate or ineffective. See Winfield v. Ray, No. 02-3284, 2003 WL 21916974, 74 Fed. Appx. 850, 852 (10th Cir. Aug. 12, 2003)(unpublished op.).

In an unpublished decision, the Tenth Circuit Court of Appeals has stated that "recourse to the § 2241 remedy [to challenge the validity of a federal conviction] will be unavailing unless accompanied by a clear showing of actual innocence." United States v. Apodaca, No. 03-8017, 90 Fed.Appx. 300 (10th Cir. Jan. 30, 2004), cert. denied, 543 U.S. 994 (2004). Petitioner's claim of actual innocence relates to retroactive application of the Richardson decision which announced a new rule of substantive law. United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002). Assuming the existence of an actual innocence exception, the focus is not on trial errors "but on whether the petitioner's guilt is substantially in doubt: 'He must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Prevatte v. Gunja, No. 05-1332, 167 Fed. Appx. 39, (10th Cir. Feb. 13, 2006)(unpublished op.)(quoting Barajas-Diaz, 313 F.3d at 1248)(internal quotation omitted). The Eighth Circuit Court of Appeals addressed and answered this question in the negative in Petitioner's § 2255 appeal. Scott, 218 F.3d at 838. After reviewing the evidence presented at Petitioner's trial, the court found that "there was evidence that the defendants regularly engaged in related illegal distributions of crack cocaine, see 21 U.S.C. § 841(a)(1), drug offenses that would support the CCE conviction, see 21 U.S.C. § 848(c)(2)," that "[t]he jury, having been instructed, *inter alia*, that the distribution of crack cocaine was a violation of the federal drug laws, unanimously found that

the defendants engaged in a series of federal drug law violations," and further found that "there is no probability that the jurors would have decided differently if they had been instructed that they must unanimously find three specific felony drug violations committed by the defendants...." Id. Petitioner has given this Court no reason to question the accuracy of the factual findings or the conclusions made by the circuit court in his § 2255 appeal. Accordingly, Petitioner has not shown that in light of the evidence presented at his trial, it is more likely than not that no reasonable juror would have convicted him of the CCE offense. Petitioner has not shown his actual innocence of the CCE offense, and he has not shown that he is entitled to federal habeas review under 28 U.S.C. § 2241 of the merits of his claims challenging the validity of his CCE conviction. Because Petitioner has an effective remedy pursuant to 28 U.S.C. § 2255 in the district court in which he was sentenced, this Court is without jurisdiction to review the merits of his claims brought in a § 2241 petition.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    October 31st   , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d

656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ____11th____ day of __October__, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE